United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE DANIEL HERNANDEZ LEMUS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03747 |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Jose Daniel Hernandez Lemus, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention. Doc. No. 1. Respondents have filed a motion to dismiss, or in the alternative, motion for summary judgment (Doc. No. 9), and the petitioner has filed a reply in opposition (Doc. No. 10).[1]

The record reflects that Petitioner entered the United States without inspection and has not been admitted to the United States. *See* Doc. No. 1 at 11; Doc. No. 9-1 at 3. Therefore, Petitioner is an applicant for admission under 8 U.S.C. § 1225(b) subject to

[1] Although the petitioner was previously subject to a final order of removal, during the pendency of this litigation, the Immigration Court granted the petitioner's motion to reopen his removal proceedings. *See* Doc. No. 10-1 at 3. Thereafter, he was detained under pre-removal-order statute for applicants for admission, 8 U.S.C. § 1225. This Order addresses his detention under that statute.

mandatory detention. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). The Fifth Circuit's holdings in *Buenrostro-Mendez* and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory or due process grounds.

Likewise, his arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*. In that regard, his claims under the *Accardi* doctrine[2] fail because they rely on a determination that the petitioner is held under 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225, which contravenes the Fifth Circuit's holding in *Buenrostro-Mendez*, *supra.* In addition, the regulation he invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court because § 287.12, outlining the scope of part 287, provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal." 8 C.F.R. § 287.12. Therefore, his claims under the *Accardi* doctrine are unavailing.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' motion to dismiss, or in the alternative, motion for summary judgment (Doc. No. 9) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**

---

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).

3. All other pending motions, if any, are **DENIED as MOOT**.

4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 10th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE